UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MITSUBISHI INTERNATIONAL CORPORATION,　　　Case No.: 08 CV 03180

　　　　　　　　　　　Plaintiff,　　　　　　　　　　　Chin, J.
　　　　　　　　　　　　　　　　　　　　　　　　　　Freeman, M.J.
-against-
　　　　　　　　　　　　　　　　　　　　　　　　　**ANSWER**
CHLORINE PARTNERS, LP,

　　　　　　　　　　　Defendant.
------------------------------------------------------------X

　　　　Defendant, Chlorine Partners, LP ("Defendant"), by its attorneys, Berkman, Henoch, Peterson & Peddy, P.C., as and for its Answer to Plaintiff's complaint (the "Complaint"), alleges as follows:

## AS TO JURISDICTION AND VENUE

　　　　1.　　Neither admits nor denies the allegations contained in paragraph "1" of the Complaint and respectfully refers all questions of law to this honorable Court at the time of trial for their true meaning, interpretation and legal effect.

　　　　2.　　Neither admits nor denies the allegations contained in paragraph "2" of the Complaint except denies any agreement between the parties concerning venue and respectfully refers all questions of law and agreements referenced therein to this honorable Court at the time of trial for their true meaning, interpretation and legal effect.

## AS TO THE PARTIES

　　　　3.　　Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4. Admits each and every allegation contained in paragraph "4" of the Complaint.

## AS TO THE SUBSTANTIVE ALLEGATIONS

5. Denies each and every allegation contained in paragraph "5" of the Complaint and respectfully refers the agreement referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

6. Denies each and every allegation contained in paragraph "6" of the Complaint and respectfully refers the agreement referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

7. Denies each and every allegation contained in paragraph "7" of the Complaint and respectfully refers the agreement referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

8. Neither admit nor denies the truth of the allegations set forth in paragraph "8" of the Complaint and respectfully refers the agreement referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

9. Neither admits nor denies the truth of the allegations contained in paragraph "9" of the Complaint and respectfully refers the guarantee referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

10. Admits the truth of the allegations contained in paragraph "10" of the Complaint and respectfully refers the assignment referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

11. Neither admits nor denies the truth of the allegations contained in paragraph

"11" of the Complaint and respectfully refers the guarantee, confirmation of guaranty and certificate of resolution referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

12. Admits the allegations contained in paragraph "12" of the Complaint and respectfully refers the email referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

13. Admits the truth of the allegations contained in paragraph "13" of the Complaint and respectfully refers the invoice referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

14. Neither admits nor denies the truth of the allegations contained in paragraph "14" of the Complaint and respectfully refers the email referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

15. Neither admits nor denies the truth of the allegations contained in paragraph "15" of the Complaint and respectfully refers the email referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

16. Denies each and every allegation contained in paragraph "16" of the Complaint except admits that on January 7, 2008, payment in the sum of $297,328.20 was remitted to the Plaintiff.

17. Denies each and every allegation contained in paragraph "17" of the Complaint.

18. Denies each and every allegation contained in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph "19" of the Complaint, except, admits that on or about February 27, 2008, a letter was received from MIC's counsel, and respectfully refers the demand letter referenced therein to this honorable Court at the time of trial for its true meaning, interpretation and legal effect.

20. Denies each and every allegation contained in paragraph "20" of the Complaint.

21. Denies each and every allegation contained in paragraph "21" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The Complaint fails to state a claim upon which any relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. Defendant has been relieved of any obligation owed to Plaintiff under any and all guarantees by reason of a material alteration by Plaintiff of the principal obligation underlying the guarantee without Defendant's agreement or consent.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. Plaintiff has failed to mitigate its damages.

**WHEREFORE**, Defendant respectfully prays for a judgment of this Court, dismissing, in its entirety, the Plaintiff's Complaint herein together with judgment against the Plaintiff's for their reasonable attorneys fees incurred in defending this action, the

costs, disbursements and expenses of this action together with such other and further relief as this Court may deem to be equitable and proper.

Dated:  Garden City, New York
        May 15, 2008

            **BERKMAN, HENOCH, PETERSON & PEDDY, P.C.**

By: _____S/_____
Joseph E. Macy (JM-9077)
Andrew M. Roth (AR-7350)
Attorneys for Defendants
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
J.Macy@bhpp.com (e-mail)
A.Roth@bhpp.com (e-mail)

TO:  **KORNSTEIN VEISZ WEXLER & POLLARD, LLP**
Attorneys for Plaintiff
757 Third Avenue
New York, New York 10017
(212) 418-8600

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 15th day of May 2008, the foregoing **ANSWER** to be served upon the following parties by forwarding copies of the same via electronic mail as follows:

DANIEL J. KORNSTEIN, ESQ.
Kornstein Veisz Wexler & Pollard, LLP
Attorneys for Plaintiff
757 Third Avenue
New York, New York 10017
(212) 418-8600
Dkornstein@KVWmail.com


      _____
      /s/ Joseph E. Macy
      Joseph E. Macy (JEM-9077)